UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              8:08-CR-270-T-30EAJ

JEAN EVANS BAPTISTE
_____/

**O R D E R**

THIS CAUSE comes on for consideration of Defendant's motion styled "Motion for an Order of Civil Contempt" (D-433).

Defendant is currently serving a 97-month sentence of incarceration. Defendant contends that the Bureau of Prisons is in violation of the Judgment in this case. Defendant specifically contends that he is incarcerated at the Rivers Correctional Institution in Winton North Carolina, which is operated by GEO Group, Inc., under a contract with the BOP. He continues that inmates designated to privately contracted prisons are not prisoners in BOP custody. Defendant seeks a hearing to determine whether the BOP should be held in contempt. He also seeks a reduction in sentence on the basis that he is subjected to harsher prison conditions than those inmates housed in a prison operated by the BOP.

Regardless of how Defendant has styled his motion, Defendant is essentially challenging the execution of his sentence. Claims relating to the execution of a sentence are more appropriately raised in a petition pursuant to 28 U.S.C. § 2241. Petitions under

§ 2241 may be brought only in the district in which the inmate is incarcerated. United States v. Kinsey, 393 Fed. App'x 663, 664-65 (11th Cir. 2010) (citing Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); 28 U.S. C. § 2241(d)).

It is unclear whether Defendant has exhausted his administrative remedies with respect to his motion relating to the execution of his sentence, but his claim is more properly brought, if at all, by filing a claim pursuant to § 2241 in the Eastern District of North Carolina where he is housed. This Court does not have jurisdiction over his claim relating to the execution of his sentence.

As for Defendant's request for a reduction in sentence, the Court may not reduce a sentence except in limited circumstances. Section 3582(c) provides that a court may modify a term of imprisonment when (1) the Director of the Bureau of Prisons moves for a reduction in sentence; (2) Rule 35 of the Federal Rules of Criminal Procedure permits modification; or (3) the sentencing range that has been imposed has been subsequently been lowered by the Sentencing Commission. 18 U.S.C. §3582(c). None of the foregoing circumstances is present here. The Director of the Bureau of Prisons has not filed a motion seeking reduction in Defendant's sentence, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Finally, Rule 35 allows the court to correct a sentence only within seven days of sentencing or

2

or to reduce a sentence for substantial assistance based upon a motion by the government. Fed.R.Crim.P. 35(a) and (b). Neither condition is present here.

As such, the Court has no authority to modify Defendant's sentence. Defendant may choose to pursue the issue with the Bureau of Prisons which is responsible for determining the Defendant's place of confinement. See 18 U.S.C. §§ 3586, 3621(b).

Accordingly, it is ORDERED that:

1) Defendant's motion styled "Motion for an Order of Civil Contempt" (D-433) is DISMISSED.

DONE AND ORDERED at Tampa, Florida this 9th day of January, 2012.

*[signature]*
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE